# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTOINE GARAND,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0714-18-0599-I-1 |
| 　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE: April 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin C. Crayon, II, Esquire, Kennesaw, Georgia, for the appellant.

Dana C. Heck, Esquire, St. Petersburg, Florida, for the agency.

Joved Gonzalez-Rivera, Mayaguez, Puerto Rico, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal pursuant to 38 U.S.C. § 714. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to clarify (1) why, given the particular circumstances of this case, further adjudication regarding the agency's charges and penalty is unwarranted and (2) why the appellant failed to prove his due process claim, we AFFIRM the initial decision.

## BACKGROUND

Effective November 27, 2017, the agency removed the appellant from his Administrative Officer position under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), codified at 38 U.S.C. § 714, based on the following charges: (1) one specification of careless or negligent performance of duties in 2016; (2) one specification of inappropriate and unprofessional conduct occurring on July 18, 2017, and a second specification of inappropriate and unprofessional conduct occurring on April 11, 2017; and (3) two specifications of unacceptable rating in two critical elements of his performance plan. Initial Appeal File (IAF), Tab 1 at 9, Tab 9 at 38, 41. After the appellant filed an equal employment opportunity (EEO) complaint of discrimination regarding the removal and the agency issued its final agency decision in the matter, he filed the present appeal.[2]

---

[2] After briefing by the parties on the issue of timeliness, the administrative judge found that, although the appeal was untimely filed under 38 U.S.C. § 714, the application of equitable tolling was appropriate under the circumstances. IAF, Tab 23. Since the

IAF, Tab 1, Tab 9 at 20-34. On appeal, the appellant argued that the VA Accountability Act should not apply retroactively to the misconduct at issue in his appeal. IAF, Tab 1 at 6. He also raised the following affirmative defenses: (1) discrimination based on race, color, sex, religion, and national origin; (2) retaliation based on prior EEO activity; (3) due process violations; (4) harmful procedural error; and (5) not in accordance with law. IAF, Tabs 1, 30-31, 37.

Prior to holding the requested hearing, the administrative judge issued an order finding that the VA Accountability Act could be applied retroactively to the present appeal. IAF, Tab 27. Thereafter, he issued an initial decision affirming the removal action. IAF, Tab 38, Initial Decision (ID). He found that the agency proved charges 1 and 2 by substantial evidence but that the agency failed to prove charge 3 because of a fatal flaw in its labeling of the charge. ID at 3-11. He additionally found that the appellant failed to prove his affirmative defenses. ID at 11-17. He further noted that the Board had no authority to mitigate the penalty if the agency proves its charge. ID at 3.

The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply thereto. Petition for Review (PFR) File, Tabs 1, 3-4. Thereafter, the agency filed a pleading asserting that it intended to file a motion to dismiss the appeal as moot once it completed the rescission of the appellant's removal. PFR File, Tab 5. As a result, the Acting Clerk of the Board ordered the

---

administrative judge issued that ruling, the Board issued its decision in *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 25, concluding that, when an agency action is taken pursuant to section 714 and the appellant files a mixed-case Board appeal after filing a formal discrimination complaint with the agency, the appeal is governed by the procedures set forth in 5 U.S.C. § 7702 and the Board's implementing regulations. Because the appellant filed his mixed-case appeal within 30 days of receipt of the final agency decision, we find that his appeal was timely filed. IAF, Tabs 1, 6, 24; *see* 5 C.F.R. § 1201.154(b)(2). Any error by the administrative judge in finding the appeal untimely filed and applying equitable tolling was harmless. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (concluding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

parties to submit evidence regarding the steps the agency had taken to return the appellant to the status quo ante and whether the appeal had been rendered moot. PFR File, Tab 6. Both parties replied. PFR File, Tabs 9-10. The agency thereafter submitted two additional filings regarding the mootness issue. PFR File, Tabs 11-12. The Acting Clerk of the Board thereafter ordered the appellant to address whether the matter had been rendered moot. PFR File, Tab 13 at 1-2. In response, the appellant argued that the matter was not moot because his petition for review, which raised arguments regarding discrimination-based affirmative defenses, was still pending before the Board. PFR File, Tab 14 at 3. He also contended that he intended to seek attorney's fees because he had correctly argued before the administrative judge that the agency had impermissibly applied 38 U.S.C. § 714 retroactively. *Id.* The agency did not respond to the appellant's filing.

## ANALYSIS

The appeal is not moot.

The Board will dismiss an appeal as moot if the agency action has been completely canceled or rescinded, and the appellant has received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Green v. Department of the Air Force*, 114 M.S.P.R. 340, ¶ 7 (2010). In the agency's most recent filing, it avers that it has taken the following actions: (1) rescinded the removal action; (2) processed general adjustments to pay and a within grade increase that would have occurred had the appellant remained an agency employee[3]; and (3) provided the appellant with all back pay and benefits owed to him. PFR File, Tab 12 at 4-5. The appellant does not dispute that the agency has taken these actions. We therefore find that the agency has completely rescinded the removal action; however, this finding does not end our inquiry. *See Hodge v. Department of Veterans Affairs*, 72 M.S.P.R. 470, 472 (1996). As

---

[3] The agency explained that, rather than return to duty, the appellant elected to resign from the agency effective October 25, 2021. PFR File, Tab 5 at 9, Tab 12 at 4.

discussed, the appellant contends that two issues remain outstanding: (1) his potential entitlement to attorney fees and (2) his discrimination-based affirmative defenses, for which he seeks compensatory damages. PFR File, Tab 9 at 3, Tab 14 at 3.

Regarding attorney fees, the appellant contends that the agency rescinded its removal action because of the U.S. Court of Appeals for the Federal Circuit's decision in *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), which was issued subsequent to the initial decision. PFR File, Tab 9 at 3, Tab 14 at 3. In *Sayers*, the Federal Circuit found that 38 U.S.C. § 714 has an impermissible retroactive effect, and Congress did not authorize its retroactive application; thus, the agency may not use the VA Accountability Act to discipline an employee for conduct that occurred before June 23, 2017, i.e., the effective date of the Act. *See Sayers*, 954 F.3d at 1380-82. The appellant asserts that, in light of *Sayers*, he raised a meritorious claim before the administrative judge and, accordingly, is entitled to attorney fees. PFR File, Tab 9 at 3, Tab 14 at 3; IAF, Tab 1 at 6. To the extent the appellant argues that his intent to file for such fees precludes the Board from dismissing the matter as moot, we disagree.[4] Indeed, the Board has long held that an appellant's intention to file a motion for attorney fees does not prevent dismissal of an otherwise moot appeal. *Alleman v. Department of the Army*, 79 M.S.P.R. 233, 239 (1998); *see Murphy v. Department of Justice*, 107 M.S.P.R. 154, ¶ 6 (2007) (explaining that the potential recovery of attorney fees under 5 U.S.C. § 7701(g)(1) does not prevent the dismissal of an appeal as moot; instead, the award of attorney fees to a prevailing party is considered to be separate from relief on the merits). Thus, the appellant's intent to seek attorney fees does not preclude a finding of mootness.

The appellant, however, also contends that he raised "viable discrimination claims," for which he seeks compensatory damages. PFR File, Tab 9 at 3, Tab 14

---

[4] In his filings, the appellant acknowledges that he can petition for attorney fees "at the appropriate time." PFR File, Tab 14 at 3.

at 3. When an agency cancels an action after an appellant files a Board appeal and the appellant has a viable outstanding compensatory damages claim, such as a discrimination claim, the appeal is not rendered moot by the cancellation. *See Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶¶ 9, 18-19 (2016) (explaining that the Board has the authority to award compensatory damages related to discrimination and EEO reprisal claims). We therefore agree that the agency's actions have not rendered the matter moot; accordingly, we herein consider the appellant's arguments on review.

Federal Circuit precedent issued subsequent to the initial decision would typically warrant remand; however, given the particular circumstances of this case, further adjudication is unnecessary.

In his petition and reply, the appellant raises a series of specific challenges to the administrative judge's conclusion that the agency proved two of its charges. PFR File, Tabs 1, 4. As indicated above, he also more broadly argues that the agency impermissibly applied 38 U.S.C. § 714 to him because "virtually all of the acts giving rise to the charges occurred prior to the June 23, 2017 enactment of the [VA Accountability Act]." PFR File, Tab 1 at 11.

After the administrative judge issued the initial decision in this appeal, the Federal Circuit issued a series of precedential decisions regarding 38 U.S.C. § 714 cases that impact this appeal. First, as discussed, in *Sayers*, the court found that 38 U.S.C. § 714 has an impermissible retroactive effect; accordingly, the agency may not use the VA Accountability Act to discipline an employee for matters that occurred before its effective date, i.e., June 23, 2017. *Sayers*, 954 F.3d at 1374, 1380-82. Subsequently, the Federal Circuit issued an opinion in *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1327-30 (Fed. Cir. 2021), addressing the section 714 removal of an employee for performance issues both predating and postdating June 23, 2017. The court in *Brenner* vacated the petitioner's removal and remanded the appeal to the Board to determine whether

the agency's removal action was "supported by substantial evidence on the evidence of record that postdates the Act." *Id.* at 1330.

Here, the agency removed the appellant under the VA Accountability Act based largely on conduct that predated its June 23, 2017 enactment. IAF, Tab 9 at 38, 41. Thus, the agency erroneously applied the VA Accountability Act retroactively. *See Sayers*, 954 F.3d at 1380. Under these circumstances, we would typically remand this case to the administrative judge for a determination of whether the removal can be sustained based solely on the sustained conduct that postdates the VA Accountability Act; that is, the inappropriate and unprofessional conduct occurring on July 18, 2017. IAF, Tab 9 at 41; *see Brenner*, 990 F.3d at 1330. However, because the agency has rescinded its removal action, remand for such a determination is unnecessary.

Second, the Federal Circuit held in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298-1301 (Fed. Cir. 2021), that, although the Board uses the substantial evidence standard in reviewing an action under section 714, the agency itself must apply a preponderant evidence standard in determining whether the charges should be sustained. Here, the deciding official sustained the proposed removal based on his finding that the charges were "supported by substantial evidence." IAF, Tab 9 at 38. Although the agency's removal decision predated *Rodriguez*, the holding in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez*, and thus they were unable to address its impact on this appeal. Accordingly, we would typically remand this case for adjudication of whether the agency's apparent error in applying the substantial evidence standard of proof was harmful. *Id.*, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714). However, given the circumstances, remand on these grounds would be an exercise in futility.

Third, in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), the Federal Circuit determined that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under the VA Accountability Act. The court held that, although the Act precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors," *id.* at 1326, and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty," *id.* at 1326-27 (citing *Brenner*, 990 F.3d at 1325) (explaining that, "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings"). As we found with the *Rodriguez* case, the Federal Circuit's decision in *Connor* applies to all pending cases, regardless of when the events at issue took place. *See Semenov*, 2023 MSPB 16, ¶¶ 49-50.

Here, the administrative judge did not review the agency's penalty, finding that the Board was precluded from mitigating the penalty under 38 U.S.C. § 714. ID at 6. Moreover, in the deciding official's decision letter upholding the proposed removal, he did not reference *Douglas* or cite to the *Douglas* factors. IAF, Tab 9 at 38-39. Thus, the record is unclear as to whether the agency properly considered the *Douglas* factors in making the decision to remove the appellant. Again, this issue would typically warrant remand; however, given the agency's rescission of the removal action, remand is unwarranted.

<u>We agree that the appellant failed to show that the agency violated his due process rights; however, we clarify the basis for this finding.</u>

The appellant argues that the deciding official committed a due process violation when he considered the fact that the appellant previously had been

placed on performance improvement plans (PIPs) even though those prior PIPs were not mentioned in the proposed removal. PFR File, Tab 1 at 21-23.

In the initial decision, the administrative judge found that the agency had provided the appellant evidence of his prior PIPs with the proposed removal, and therefore, there was no due process violation. ID at 16. As the appellant correctly argues on review, however, the PIPs were not contained in the evidence file attached to the proposed removal or otherwise mentioned in the proposed removal. PFR File, Tab 1 at 21-22; IAF, Tab 36. Moreover, we have reviewed the hearing testimony and the deciding official did testify that he considered the appellant's prior performance issues as an aggravating factor in deciding to remove him, as alleged by the appellant. PFR File, Tab 1 at 21-22; Hearing Compact Disc (HCD), #4.[5] Nevertheless, according to notes taken by the Human Resources Specialist during the appellant's oral reply to the proposed removal, which the appellant reviewed and corrected, the appellant raised the issue of his prior PIPs to the deciding official in responding to the charges. IAF, Tab 19 at 114, 116.

The Board has held that a deciding official does not violate an employee's right to due process when he considers issues raised by an employee in his response to the proposed adverse action and then rejects those arguments in reaching a decision. *E.g.*, *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶¶ 12-13 (2014); *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶¶ 10-11 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015). Accordingly, although we agree that the deciding official did not violate the appellant's right to due process when he considered the existence of his prior PIPs in deciding to remove him, we clarify the basis for this finding.

---

[5] The deciding official testified that he was aware of the appellant's performance issues because he had been the deciding official in a prior proposed removal of the appellant based on performance and, rather than remove him, he decided to extend the underlying PIP for an additional 90 days. HCD #4; IAF, Tab 19 at 70, 114.

<u>The appellant failed to prove his discrimination-based affirmative defenses.</u>

Here, although the appellant raised claims of race, color, sex, religion, and national origin discrimination, he presented no evidence or argument to support these claims. ID at 11-17. As to his EEO retaliation claim, the appellant argues in his petition for review that the administrative judge ignored "abundant evidence tending to show" that the agency removed him in retaliation for his prior EEO activity. PFR File, Tab 1 at 30. However, the record reflects that the administrative judge considered the evidence regarding the appellant's retaliation claim and concluded, based in part on witness testimony, that he failed to show by preponderant evidence that retaliation was a motivating factor in his removal. ID at 11-16 (citing *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016), and *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015))[6]; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed"); *see also Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984) (explaining that an administrative judge's failure to discuss all of the evidence of record does not mean that the evidence was not considered), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Notably, as to the appellant's arguments on review that the agency's inability to prove charge 3 raises an inference of retaliation, the administrative judge found that he would have sustained the underlying conduct had the agency drafted the charge properly. ID at 14-15. Under these circumstances, we find the appellant has shown no basis to disturb the administrative judge's well-reasoned and explained findings.

---

[6] The Board recently called certain aspects of *Gardner* and *Savage* into question in *Prigden v. Office of Management and Budget*, 2022 MSPB 31. However, even after *Pridgen*, claims of EEO retaliation in violation of Title VII are subject to a motivating factor standard. *Pridgen*, 2022 MSPB 31, ¶¶ 30-31. To the extent the appellant may have claimed retaliation for opposing disability discrimination, which is subject to a higher "but-for" standard, his failure to meet the lower motivating factor standard necessarily means that he cannot meet the "but-for" standard. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 31-33.

*See Diggs v. Department of Housing and Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010). Thus, we agree that the appellant failed to prove his discrimination-based affirmative defenses.

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.